UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROLANDO MATOS, JR. and
OLGA L. MATOS,

      Plaintiffs,

v.

SELENE FINANCE, LP,

      Defendant.

                               /

CASE NO.: 6:20-cv-00843

**JURY TRIAL DEMANDED**

## COMPLAINT

NOW comes ROLANDO MATOS, JR. ("Mr. Matos") and OLGA L. MATOS ("Ms. Matos") (collectively, "Plaintiffs"), by and through their attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of SELENE FINANCE, LP ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Middle District of Florida a subtotal portion of the event that gave rise to this action occurred within the Middle District of Florida.

**PARTIES**

4. Plaintiffs are a married couple and consumers over 18 years-of-age. Plaintiffs are also residents of Brevard County, Florida, which is within the Middle District of Florida.

5. Defendant provides home mortgage loans to borrowers and investors. It offers home purchase loans, refinancing loans, and mortgage relief and assistance programs. Defendant is a limited partnership organized under the laws of the State of Delaware with its principal place of business located at 9990 Richmond Avenue, Suite 400 South, Houston, Texas.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

7. Joinder of Plaintiffs' claims against Defendant is proper under Fed. R. Civ. P. 20(a)(1) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

**FACTS SUPPORTING CAUSES OF ACTION**

8. The instant action arises out of Defendant's attempts to collect upon a defaulted personal mortgage ("subject debt") that Plaintiffs purportedly owed to Nationstar Mortgage, LLC ("Nationstar").

9. Due to financial hardship, on October 31, 2019, Plaintiffs filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Middle District of Florida, Case Number 19-07158-KJ ("bankruptcy").

10. Schedule D of the bankruptcy petition contained the subject debt, and further listed Nationstar as an entity to be provided notice regarding the subject debt being listed in Plaintiffs' bankruptcy petition.

11. On February 3, 2020, the Bankruptcy Court entered an Order of Discharge in Plaintiffs' bankruptcy case of all dischargeable debts, including the subject debt.

12. The Order of Discharge expressly stated:

> "This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees."

13. Nationstar was served with the Order of Discharge on February 3, 2020.

14. Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction, prohibiting any acts to collect upon the subject debt by Defendant.

15. Plaintiffs' personal liabilities on the subject debt were extinguished via their bankruptcy discharge, thus terminating any business and contractual relationship Plaintiffs may have had with Nationstar or any subsequent owners or servicers of the subject debt, including Defendant.

16. Upon information and belief, Defendant began servicing on the subject debt after its default and subsequent discharge by the Bankruptcy Court.

17. Around March 2020, Plaintiffs began receiving calls to their cellular phone, (786) XXX-0331, from Defendant.

18. At all times relevant to the instant action, Plaintiffs were the sole subscribers, owners, and operators of the cellular phone ending in -0331. Plaintiffs are and always have been financially responsible for the cellular phone and its services.

19. Defendant has primarily used the phone number (713) 625-2000 when it placed collection calls to Plaintiffs' cellular phone, but upon belief, Defendant has also used other phone numbers as well.

20. Upon information and belief, the above referenced phone number ending in -2000 is regularly utilized by Defendant during its debt collection activity.

21. Upon answering phone calls from Defendant, Plaintiffs have experienced a significant pause, lasting several seconds in length, before being connected with a live representative.

22. Plaintiffs, through their contacts with Defendant, were informed that Defendant was seeking to collect upon the subject debt, as it was in default.

23. Defendant's harassing phone calls caused Plaintiffs to demand that Defendant cease contacting them.

24. Despite Plaintiffs' demands, Defendant has continued to place phone calls to Plaintiffs' cellular phone seeking collection of the subject debt through the filing of this lawsuit.

25. Defendant has placed not less than 15 phone calls to Plaintiffs' cellular phone after the subject debt had been discharged and up until the filing of the instant action.

26. Moreover, on at least one occasion, Defendant failed to identify itself as a debt collector when it communicated with Plaintiffs.

27. Frustrated over Defendant's conduct, Plaintiffs spoke with Sulaiman regarding their rights, resulting in expenses.

28. Plaintiffs have been unfairly and unnecessarily harassed by Defendant's actions.

29. Plaintiffs suffered from emotional distress due to Defendant's unlawful attempts to collect the discharged subject debt as they were led to believe that his bankruptcy had no legal effect. The phone calls were highly confusing to Plaintiffs.

30. Plaintiffs have suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of their telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on their cellular phone, and diminished space for data storage on their cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiffs repeat and reallege paragraphs 1 through 30 as though full set forth herein.

32. Plaintiffs are "consumer[s]" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

33. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

34. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

35. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of FDCPA §1692c(a)(1) and §1692d**

36. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

37. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiffs after being notified to stop. Defendant called Plaintiffs at least 15 times after they demanded that it stop calling. This repeated behavior of systematically calling Plaintiffs' phone in spite of their demands was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiffs' pleas with the goal of annoying and harassing them.

38. Defendant was notified by Plaintiffs that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiffs.

    **a. Violations of FDCPA § 1692e**

39. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

40. In addition, this section enumerates specific violations, such as:

> "The false representation of the character, amount, or legal status of any debt; or any services rendered or compensation which may be lawfully received by that or that any communication for the collection of a debt." 15 U.S.C. §1692e(2);
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10); and
>
> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11).

41. Defendant violated §1692e by making false representations in its attempts to collect the subject debt as the subject debt was not owed at the times Defendant made attempts to collect upon the subject debt.

42. Defendant further violated §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt. The subject debt was not owed at the times Defendant attempted to collect because it was discharged in Plaintiffs' bankruptcy.

43. Moreover, Defendant violated §1692e(10) when it falsely represented that the subject debt was collectible at the times of the attempts to collect upon the subject debt, as the subject debt was not owed by virtue of Plaintiffs' bankruptcy discharge.

44. Defendant violated 15 U.S.C. §§ 1692e, e(10), and e(11) through its failure to disclose itself as a debt collector. By failing to disclose itself as a debt collector, Defendant deceptively and misleadingly attempted to obscure Plaintiffs' rights under the FDCPA. Consequently, Defendant's objective was to obfuscate its status as a debt collector in order to prevent Plaintiff from prosecuting an FDCPA claim against it.

### a. Violations of FDCPA § 1692f

45. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

46. In addition, this section enumerates specific violations, such as:

> The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.15 U.S.C. §1692f(1).

47. Defendant violated §1692f by employing unfair and unconscionable means to collect the subject debt by placing a steady stream of phone calls in an attempt to collect the subject debt, which was discharged in Plaintiffs' bankruptcy and not owed.

48. Defendant violated §1692f(1) by attempting to collect a debt that was uncollectible as a matter of law as the discharge injunction precludes collection of any discharged debt.

49. As pled in paragraphs 27 through 30, Plaintiffs have been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiffs, ROLANDO MATOS, JR. and OLGA L. MATOS, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiffs' respective statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiffs actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

50. Plaintiffs restate and reallege paragraphs 1 through 30 as though fully set forth herein.

51. Plaintiffs are "consumer[s]" as defined by Florida Statutes §559.55(8).

52. Defendant is a "debt collector" as defined by Florida Statutes §559.55(7).

53. The subject debt is a "consumer debt" as defined under Florida Statute § 559.55(6).

**a. Violations of FCCPA § 559.72(7)**

54. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

8

55. Defendant violated section 559.72(7) of the FCCPA when it placed repeated harassing telephone calls to Plaintiffs after they demanded that it stop calling and after the debt was no longer owed. Instead of abiding by Plaintiffs' wishes, Defendant placed no less than 15 calls to Plaintiffs' cellular phone after they demanded that it cease calling them.

WHEREFORE, Plaintiffs, ROLANDO MATOS, JR. and OLGA L. MATOS, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Enter judgment in Plaintiffs' favor and against Defendant;

b. Award Plaintiffs their actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Award Plaintiffs' respective statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiffs equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Award Plaintiffs costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

f. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

g. Award any other relief this Honorable Court deems equitable and just.

Dated: May 15, 2020

Respectfully Submitted,

/s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
*Counsel for Plaintiff*
Florida Bar No. 1021163
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com